# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOSEPH E. ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV414-169 |
| | ) | |
| CLAY TATUM, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Joseph E. Allen challenges his state court conviction under 28 U.S.C. § 2254. Doc. 1. On its face, it appears to be time-barred by 28 U.S.C. § 2244(d)(1)'s one-year limitations period. Upon preliminary review under Rule 4 of the Rules Governing Proceedings under 28 U.S.C. § 2254, the Court is inclined to recommend dismissal but will grant him a second-chance pleading opportunity.

## I. BACKGROUND

In 2001 a jury convicted him of, *inter alia*, kidnapping and armed robbery, resulting in life imprisonment. Doc. 1 at 1-3. He appealed and his conviction was affirmed, but he did win resentencing. *Allen v. State*, 268 Ga. App. 519, 533-34 (2004). He does not say what became of the

resentencing, but discloses that since 2004 he sought state habeas relief. Allen fails to say when he sought that relief,[1] only that it was denied on July 15, 2010. Doc. 1 at 4. However, he cites no further litigation since 2010, and he *concedes* that his § 2254 petition is untimely.[2] Indeed, he moves for leave to file it out of time. *Id.* at 8-9.

## II. ANALYSIS

### A. Timeliness

Allen had one year from the date of his conviction to file his § 2254 petition, but that clock was stopped so long as he had pending a properly filed state appeal or application for collateral review. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in

---

[1] Unfortunately, Allen used an outdated § 2254 form, which failed to ask him that question. The Court's revised, AO 241 (Rev. 06/13) form ¶ 11 now asks "Date of Filing" for ¶ 10 ("Other than direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?"). The Clerk is **DIRECTED** to cease furnishing the older, flawed § 2254 form to inmates.

[2] Under the prison mailbox rule, the court considers Allen's *pro se* documents filed on the date of delivery to prison officials for mailing, as indicated by his signature or a date stamp of the institution. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). But Allen failed to date his § 2254 petition when he signed it. Doc. 1 at 7. The *Court's* filing date is August 6, 2014. *Id.* at 1.

2

play."). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Rich*, 512 F. App'x at 983 (quotes and cite omitted); *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012).

Hence, if Allen sat on any claim or created any time gaps in the review process, the one-year clock would continue to tick. *Kearse v. Secretary, Fla. Dept. of Corrs.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. In that regard, "[a]n application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period." *Gorby v. McNeil*, 530 F.3d 1363, 1367 (11th Cir. 2008) (cite omitted); *Dixon v. Hart*, 2013 WL 2385197 at * 3 (S.D. Ga. May 21, 2013). And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nesbitt*, 2014 WL 61236 at *1; *Frye v. Williams*, 2014 WL 1668127 at * 1 (S.D. Ga. Apr. 25, 2014).

Allen sat on his claims for more than one year -- if not after his 2004 appellate affirmance and presumed resentencing, then certainly from the state habeas court's 2010 disposition. In fact, he concedes this. Doc. 1 at 8.

## B. Equitable Tolling

Liberally construed (he proceeds here *pro se*), Allen's § 2254 petition pleads the equitable tolling exception.[3] He cites his legal ignorance and "mental disabilities." Doc. 1 at 8. He claims he "is suffering from mental disabilities which ha[ve] precluded and interfered with his progress to intelligently pursue challenging his convictions.

---

[3] As has been explained,

> [t]he one-year limitations period is subject to equitable tolling, which applies when a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation marks omitted). Equitable tolling is an "extraordinary remedy" reserved for "rare and exceptional circumstances." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (quotation marks omitted). To establish entitlement to equitable tolling, a petitioner must prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562 (2010) (quotation marks omitted). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

*Gillman v. Sec'y, Fla Dept. of Corr.*, 2014 WL 3953410 at * 2 (11th Cir. Aug. 14, 2014).

4

Petitioner has been diagnosed suicidal, hearing voices, and anti-social disorders." *Id.*

The equitable tolling requirements are not easily met. *See, e.g., DeLeon v. Fla. Dep't of Corrs.*, 470 F. App'x 732, 734 (11th Cir. 2012) (neither inability to understand English nor lack of legal education, absence of legal counsel in collateral context, and resulting consequences of reliance upon a bilingual inmate law clerk constituted extraordinary circumstances justifying equitable tolling of one-year limitations period for federal habeas corpus petition). A § 2254 petitioner claiming a mental impairment must "establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) (*Lawrence I*); *see also id.* at 1226-27 (habeas petitioner's mental impairments were not an extraordinary circumstance that would toll limitations period, absent showing of causal connection between such impairments and his ability to file timely petition; petitioner had IQ of 81, and did not claim mental incompetence *per se*), *aff'd*, 549 U.S. 327, 337 (2007) (*Lawrenc II*) ("Lawrence has made no factual showing of mental incapacity.").

5

*Lawrence I* applies a pleading and proof burden,[4] and it cited cases holding that a mere conclusional allegation of mental incapacity will not suffice. *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) (petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the limitations period); *Collins v. Scurr*, 230 F.3d 1362 (8th Cir. 2000) (Table) (bald and unsupported assertions that relate to an instance of alleged mental incompetency that occurred at a time remote to petitioner's habeas petition filing deadline did not equitably toll the statute of limitations), *and Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999) (equitable tolling did not apply when petitioner's brief period of incapacity "occurred at a time so remote to his deadline" and petitioner could not show that he diligently pursued his application the remainder of the one-year filing deadline). *Lawrence I*, 421 F.3d at 1227; *see also Bills v. Clark*, 2014 WL 2750008 at * 1 (9th Cir. June 18, 2014) (petitioners must show that, despite any diligence, a claimed "mental impairment made it

---

[4] *See also Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) ("an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."); *Myers v. Allen*, 420 F. App'x 924, 927 (11th Cir. 2011) (circumstances may "yield a very low bar for what level of diligence is reasonable," but the petitioner bears the burden of demonstrating diligence within his ability); *Boone v. United States*, 2014 WL 852359 at *3 (S.D. Ala. Mar. 5, 2014).

6

impossible to meet the filing deadline under the totality of the circumstances. Stated another way, to be eligible for equitable tolling, the otherwise diligent petitioner's mental impairment must be the cause-in-fact of any delay.") (cite omitted); *Andel v. Valenzuela*, 2014 WL 3854406 at * 6 (C.D. Cal. Aug. 4, 2014) (applying "*Bills* test" to deny equitable tolling to petitioner claiming mental impairment; "the record reflects that petitioner's mental illness has not made it impossible for him to file a petition.").[5]

On other habeas claims the Eleventh Circuit has applied the heightened pleading standard. *Chavez v. Sec'y Fla. Dep't of Corrs.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("The allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing."); *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011)

---

[5] Note that once the pleading and production burden is met, this showing can consume a lot of judicial resources. *See e.g.*, *Battee v. Arnold*, 2014 WL 3715469 at * 5 (C.D. Cal. July 22, 2014) (extensive review of medical records, citing *Forbess v. Franke*, 749 F.3d 837, 841 (9th Cir. 2014) (petitioner's "delusions" during the relevant period that "he was working undercover for the FBI, and his trial was a 'sham' orchestrated to lure his ex-wife out of hiding and arrest her for being part of an extensive drug distribution operation ... were so severe that he could not rationally understand the need to timely file his federal habeas petition," and thus equitable tolling was warranted); *Warren v. Soto*, 2014 WL 3810252 at * 6-9 (C.D. Cal. May 20, 2014) (also reviewed medical records before concluding "that Petitioner's mental impairment was not the 'but-for' cause of his waiting more than fourteen years after the statute of limitations ran to bring his case to federal court. Accordingly, equitable tolling cannot render the Petition timely.").

7

(applying a heightened pleading requirement in habeas cases and noting that "[t]he evidence supporting an [IAC] claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition."); *Gerwald v. United States*, 2014 WL 1681506 at * 3 n. 5 (S.D. Ga. Apr. 28, 2014).[6] That requirement bears special application here, given the fact that

> [e]quitable tolling is unavailable in most cases. Indeed, the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule. It is an exceedingly narrow window of relief that must be applied sparingly to habeas petitions so as not to create a loophole which is contrary to the legislative intent of insuring a greater degree of finality. Courts have cautioned that equitable tolling should be invoked only sparingly and only as a narrow safety valve reserved from instances of clear injustice. The

---

[6] Hence, conclusory and "laundry-listed" claims go nowhere:

"Those who seek habeas relief cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations)." *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, 2014 WL 1689021 at * 2 (11th Cir. Apr. 30, 2014) ("Although *pro se* briefs are to be construed liberally, a *pro se* litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

*Hopkins v. United States*, 2014 WL 2624425 at * 1 n. 3 (S.D. Ga. June 12, 2014).

merits of the federal habeas petitioner's claims are not relevant to whether extraordinary circumstances exist justifying the late filing of a federal habeas petition.

B. R. Means, POSTCONVICTION REMEDIES § 25:35 (July 2014) (quotes and footnotes omitted). Unsurprisingly, many such claims are denied outright, as demonstrated by that encyclopedist's case summaries:

> The petitioner argued that his physical and mental abilities constituted an "extraordinary circumstance" warranting equitable tolling. In rejecting this argument, the court pointed out that the petitioner had filed state habeas petitions both before and after the period in which he sought tolling, and he had not shown that his condition was significantly worse during this interim time.
>
> \* \* \* \*
>
> The petitioner claimed a right to equitable tolling on the basis that he had been confined to a psychiatric ward for a period of 17 days. The court denied relief on the ground that the petitioner had over six months to complete his federal petition after returning to his usual quarters. The court noted that if this event had occurred shortly before the filing date, the petitioner would have had a stronger case.
>
> \* \* \* \*
>
> The petitioner alleged that physical and mental ailments he experienced during the limitations period constituted an extraordinary circumstance. The court denied equitable tolling because of the absence of a showing that the petitioner was rendered unable to pursue his legal remedies, notwithstanding periods of hospitalization and placement in a disabled unit for daily monitoring of his condition. The court found it significant that the petitioner had waited almost eight years after his conviction

became final to file his petition, and that his supporting brief merely copied portions of his brief on direct appeal.

POSTCONVICTION REMEDIES § 25:37 (July 2014) (footnotes omitted); *see also Gray v. Sec'y, DOC*, 2012 WL 6007314 at *6 (M.D. Fla. Dec. 3, 2012) ("There is no evidence in the record to support Petitioner's claim that his mental condition or infirmity during the one-year limitations period impaired his ability to make a timely application. Simply claiming one has been diagnosed as mildly retarded does not establish entitlement to equitable tolling."); *Whiting v. McNeil*, 2009 WL 2460753 at * 5 (N.D. Fla. Aug.7, 2009) (claims of suffering mental impairments for life did not entitle a federal petitioner to equitable tolling).

### III. CONCLUSION

Within 30 days of the date this Order is served, Allen may file an amended petition (or, if he elects, he may simply withdraw his petition) detailing his "mental impairment" allegations, and citing any known medical records to support his claim that the many months that clicked by during the above-noted time gaps should not have run out § 2244(d)(1)'s one-year clock. To that end, he must match specific claimed periods of *incapacitation-level* mental impairment to each month of time

that elapsed between his court filings. He also is reminded that those who lie to this Court may be prosecuted.[7]

Meanwhile, the Clerk is **DIRECTED** to forward to the Marshal sufficient copies of this Order and Allen's petition for service upon the respondent by certified mail, and also (by regular mail) upon the Attorney General of the State of Georgia, directed to the attention of Deputy Attorney General Paula Smith. The Marshal's return shall constitute prima facie evidence of service of process. The respondent is free to respond (e.g., by moving to dismiss the petition) only to this specific (time-bar) issue, and is otherwise relieved of filing a full response (i.e., file all state court filings necessary for a full merits review, etc.) until the Court completes this preliminary review.

Finally, the Court **GRANTS** Allen's motion for leave to proceed *in forma pauperis*. Doc. 2.

---

[7] Lying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); id., doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

**SO ORDERED** this 4TH day of September, 2014.

                                                                                   _____
                                                                                   **UNITED STATES MAGISTRATE JUDGE**
                                                                                   **SOUTHERN DISTRICT OF GEORGIA**